**SO ORDERED.**

**SIGNED this 13 day of April, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

WILLIE KEEL, JR. and                         CASE NO. 11-08065-8-JRL
OLIVIA KEEL,                                        CHAPTER 7

      DEBTORS.

_____

## ORDER

This matter came before the court on the trustee's motion for turnover.[1] A hearing was held on April 12, 2012, in Raleigh, North Carolina.

The debtors filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code on October 21, 2011. On Schedule B, the females debtor listed an interest in the following personal property: (1) "RBC CD - 4520 (wife as trustee for son - CRK)" and (2) "RBC CD - 4846 (wife as trustee for son - CMK)."[2] Both of the listed certificates of deposit were "payable on death accounts," created and owned by the female debtor, pursuant to N.C. Gen. Stat. 53-146.2 (collectively "disputed accounts"). In February 2008—when the female debtor initially

---

[1] The trustee filed an objection to Schedule C exemptions. However, at the hearing, all parties agreed that the objection would be treated procedurally as a motion for turnover.

[2] The accounts contained $5,543.00 and $5,473.46, respectively.

opened the accounts—the male debtor was the listed beneficiary of both accounts. However, in the summer of 2011, the female debtor changed the beneficiaries to her children.[3]

The female debtor testified that when she opened the disputed accounts, she informed RBC Bank that she wished to open trust accounts for the benefit of her two children. However, the signature cards of the accounts reflect that on January 25, 2007, the female debtor opened two payable on death accounts—identical in nature to the disputed accounts—naming her two sons as the respective beneficiaries (collectively "2007 accounts"). The female debtor further testified that in the summer of 2011, she and her husband decided to renovate their home. Needing funds for this project, the female debtor informed RBC Bank that she wanted to withdraw "her money" from "her accounts." The female debtor testified that she was referring to the disputed accounts, which at this point, still named the male debtor as beneficiary. However, it was explained to her that for financial reasons, it was in her best interest to use the funds from the 2007 accounts. The female debtor asserted that this was the first time she learned that the 2007 accounts were payable on death accounts rather than actual trust accounts. Based on the offered advise, she closed the 2007 accounts and changed the beneficiaries of the disputed accounts to her children.

Based on these facts, the debtors contend that the female debtor intended to create trust accounts, naming herself as trustee and her children as beneficiaries and that her actions have reflected these intentions. By closing the 2007 accounts and making her children the beneficiaries of the disputed accounts, the debtors argue that the female debtor intended to

---

[3] On June 8, 2011, Christopher R. Keel was named as the beneficiary of account 4520, and on September 7, 2011, Charles M. Keel was named as the beneficiary of account 4846.

simply to change the res of the trusts.  Therefore, it is the debtors' position that at the time the petition was filed, the female debtor had only a trustee's interest in the disputed accounts, and therefore, the funds are not property of the estate.  Conversely, the trustee contends that pursuant to § 541(a), the disputed accounts are clearly property of the estate.  The trustee relies on the signature cards of the disputed accounts as support for his position.  The signature cards, signed by the female debtor, state that she may withdraw money from the account at any point during her lifetime.

While the court does not doubt the female debtor's testimony as to her intentions, § 541(a)(1) provides that the property of the estate includes "all legal and equitable interests of the debtor[s] in property as of the commencement of the case."  In this case, the signature cards unambiguously state that the disputed accounts are "payable on death accounts" and that the female debtor retains the right to withdraw the funds at any time and for any purpose.  The authenticity of the signature cards was undisputed, and these documents cannot be impeached with parol evidence to the contrary.  Based on the foregoing, the trustee's motion for turnover is **ALLOWED**.

**END OF DOCUMENT**